# Long v. Swavely.

When, in proceedings upon a lease to obtain possession for non-payment of rent, the complaint is not filed, as provided by the Act of Assembly, the Justice is without jurisdiction.

Where the record shows that the proper proofs were not made before the Justice, and that no demand was made for rent as required by law, the Justice is without jurisdiction.

Where the record does not show the term of the lease nor the service of a notice to quit, nor that there was a demand for the amount of rent claimed, the Justice is without jurisdiction.

Where the record does not show the amount of rent reserved, nor the terms of the lease, nor the amount of rent in arrears or costs as having been endorsed on a writ of possession, the proceedings will be reversed.

CERTIORARI—PROCEEDINGS FOR POSSESSION FOR NON-PAYMENT OF RENT—LEASE—RENTAL—JURISDICTION.

No. 163, October Term, 1902, C. P. of Montgomery County.

Certiorari to J. M. Neiman, J. P.

William P. Young, Esq., for plaintiff in error.

Opinion by SWARTZ, P. J.

## EXCEPTIONS:

1. There was no complaint filed such as is required by the Act of Assembly to give jurisdiction to the Justice.

2. The record does not show that the proper proofs were made before the Justice whereby he was warranted in entering judgment.

3. The record does not show proof of a demand for the rent, as required by law.

4. The record does not show the term of the lease.

5. The record does not show when the notice to quit was served, what the notice contained and that there was a demand for the amount of rent claimed, accompanying the notice.

6. The record does not show the amount of rent reserved, nor any of the terms of the lease.

7. The record does not show that the amount of rent in arrears and the costs were endorsed on the writ of possession.

8. The record fails to show a compliance with the requirements of the Act of Assembly in such case made and provided, authorizing the institution of the proceedings and the necessary proofs and findings of fact to sustain a judgment.

9. The record is fatally defective in sundry other legal essentials.

And now, November 13, 1902, the exceptions are sustained and the proceedings are set aside and reversed.

By the Court.